# IN THE MATTER OF JUAN NIDO Y MAYO, Bankrupt.

San Juan, in Bankruptcy, No. 54.

### ON CLAIM OF PRIORTIY BY JUDGMENT.

**Bankruptcy — Priority of Judgment.**
   A local law giving a preference to a judgment conflicts with the
   bankruptcy law if the judgment be rendered within three months
   prior to bankruptcy, and preference must be denied.

Opinion filed September 27, 1913.

*Mr. J. A. Poventud* for petitioners Freiria et al.

*Mr. Salvador Marti* for Nido & Company.

HAMILTON, Judge, delivered the following opinion:

The petitioners, J. Maria Freiria, J. M. Perez y Company,
Virella Alvarez & Company, A. Freiria & Company, M. De-
fendini & Company, and Crescioni Figuedo & Company, brought
suit against the present bankrupt in the municipal court of
Guayama, and on August 26, 1912, obtained judgments aggre-
gating $873.27. On September 12, 1913, the defendant filed
his petition in this court, and was on the same day adjudicated a
bankrupt. Petitioners filed claims and on October 9 amended
their claims by striking out everything referring to attachment,

and inserting in lieu a claim of priority under judgment, under the provisions of sections 1824–5 of the Porto Rican Revised Civil Code, amended by § 15 of Law No. 37 of 1910. The referee denied the claim of priority, and thereupon, on motion of the attorney of petitioners, the case was certified to the district court for review.

This brings up the consideration of bankruptcy act, § 67, sub-divisions c and f, as to a preference by legal proceedings within four months of bankruptcy. It is conceded that the preference by attachment originally claimed violates the law, and the claim is that the local law gives a priority to judgments, and under the bankruptcy law, § 64–b (5), the local law should be enforced. This provision is: "(5) Debts owing to any person, who, by the laws of the states or the United States, is entitled to priority."

Does the amendment, by which the claim of priority is made under the judgment, and not under the attachment, establish a priority? The object of the bankrupt law is equality among creditors, and for this purpose the bankrupt may not suffer a judgment to be entered against him within four months before the filing of the petition in bankruptcy if he is insolvent. The judgment operate as a preference, and the beneficiary knew of the insolvency.

It seems that the bankrupt was confessedly insolvent at the time of the judgments, and it would seem that if the present contention is sustained there would be a preference due to a judgment within four months within the bankruptcy act, § 67c. The fact that this is allowed by a local statute does not help matters. There could be no preference of any kind, at any time, unless it was allowed by the local law. It is such preferences,

otherwise legal, that the bankrupt law is designed to prevent. See Fritze Lundt & Co. v. Esperanza Central Sugar Co. 5 Porto Rico Fed. Rep. 1.

It follows, therefore, that the action of the referee in denying preference due to these judgments was correct, and a review must be denied.